ROBERT L. BLAND, Judge.
These two claims grow out of the same automobile accident. By agreement of counsel they were heard and considered together. One seeks an award for personal injuries, the other for property damage.
Driving the 1935 Plymouth automobile owned by her husband, claimant Herman Smith, claimant Marguerite M. Smith left her home at Kester, in Roane county, West Virginia, on the morning of May 6, 1941, for Charleston, in Kanawha county. The purpose of her trip was to take treatment from a Charleston physician for sinus trouble from which she had been suffering for more than a year. On the occasion under consideration she was accompanied by her neighbor and friend, Mrs. Eva Parker.
The route traveled by Mrs. Smith was over the Little Left-hand road leading from Vineyard Gap to Amma, in Roane county, known as state route 58. This road had been rock-based for four or five years, witnesses not being in agreement as to the actual length of time. It is fourteen feet in width. At a point on the right hand side of the road as Mrs. Smith traveled toward Charleston, and probably about two hundred yards from the residence of George Pettit, it had broken away *260 leaving a large depression or hole. When this break occurred is not made clear by the evidence, but seemingly it had existed something like a year without being repaired. This break or depression was of circular shape or form and the hole was approximately two and a half feet deep at the point where the break occurred. It was considerably deeper at the lower edge of the road, probably as deep as four feet. After allowing for this break about six feet of the stone base remained for one-way travel.
It appears from the evidence that warnings of this dangerous condition of the road had been placed from time to time at nearby points. Press Snodgrass, a former assistant county maintenance supervisor, testified that he had placed “bats” around the break or depression several times. It is shown that “paddles”'had been placed in the vicinity of the depression in the road. A “paddle” is an iron post placed in the ground on which a board eight or ten inches wide, with alternate black and yellow stripes, is fastened. This seems to be, under the evidence, a standard warning of danger adopted by the state. J. H. Smith, father of claimant Herman Smith, testified that he had seen warning signs in this slip. Doubtless some of these warnings had been removed from time to time and replaced from time to time, but it is made clear by the evidence that signs indicating the dangerous condition of the road at the point of the break therein had been displayed by road authorities. No one traveling on the road could fail to see the dangerous condition of the road at the point of the break or slip.
On her way to Charleston on the morning of May 6th, Mrs. Smith was obliged to pass this dangerous point in the road. She had an unobstructed view of the point of danger as she approached the place of the break or depression in the road. She passed this dangerous point successfully by driving the car on the rock base portion of the road which was used for one-way travel.
*261 On her way back homo from' Charleston Mrs. Smith drove Iho automobile into this break or depression in the road. The automobile turned over throe times down an embankment. Mrs. Smith sustained a severe shock to her nervous system. She was taken to a hospital at Spencer for treatment. As a result of the accident she was incapacitated for some time for the performance of her customary household duties. It is shown that she incurred expense in receiving medical treatment. She seeks an award for personal injuries, and rests her claim upon the failure of the state road commission to keep the road where the accident occurred in proper condition for public travel. She maintains that the road was out of repair and that the accident which she sustained was due to the negligence of the state in failing to keep the road in proper repair. She testified that she had never been over the road since it had been rock-based and was not aware of the hole or depression in the road. She claims that as she ascended the embankment or small hill approaching the break in the road she had no view of it, and could not and did not see the dangerous condition of the road. In this view she is supported by the testimony of a number of witnesses. A mass of testimony was taken in the case. The transcript of evidence covers 242 pages.
For purposes of illustration two photographs were offered in evidence by respondent. One showed a view of the break in the road as Mrs. Smith approached the point on her way to Charleston. The other showed the point in the road as Mrs. Smith was on her way home from Charleston. Claimants maintain that these pictures did not describe or delineate the true condition of the road. As a result of the introduction and use of these photographs considerable confusion was created. Several days after the taking of the testimony at the bar of the court all three members of the court visited the scene of the accident and inspected the road. They did this for the purpose of satisfying themselves as to the true and actual condition of the road. The road had been repaired after the accident.
*262 When the automobile owned by claimant Herman Smith ran into the depression or hole in the road it was precipitated over the embankment on the left side of the road and was practically demolished. As shown by the evidence it was not fit for more than junk and a value of $50.00 was placed upon the vehicle as such junk.
Mrs. Parker, the companion of Mrs. Smith in the automobile, testified that as the automobile ascended the rather abrupt bank or small hill before reaching the break in the road, that she for some inexplicable reason raised up suddenly in the vehicle and exclaimed that there was a broken place in the road. Almost immediately the car fell into the slip or break in the road and turned over three times down the embankment. She further testified that about the time that the automobile landed on the ground Mrs. Smith ejaculated: “Oh! I have fainted and torn this car all to pieces.”
There can be no question as to the fact that the road at the point of the accident was out of repair, nor is there any doubt as to the further fact that warning signs of the danger caused by the slip had been placed around the hole as above stated. Mrs. Smith had ample opportunity when she passed this break in the road in the morning on her way to Charleston to see the dangerous condition of the road. If she did not see it she should have done so. The danger was too apparent to pass unnoticed. She was charged by law with the exercise of ordinary care to avoid driving the car into the slip. She could not have helped knowing that on her return home from Charleston she would be obliged to again pass this dangerous place in the road. She had ample notice and warning of its existence. If she failed to exercise such prudence and ordinary care and drove into the slip or break in the road without going around it as she should have done she is chargeable with and guilty of contributory negligence. The law required her to exercise care. Her failure to do so will bar her right to an award. It appears from the evidence that she is a woman of mature years and good intelligence. . Her action in driving the automobile *263 into the slip was in our opinion the proximate cause of the accident. Since she passed the dangerous point in the morning she was charged with notice of the danger that existed. Her failure to remember the point in the road where the break occurred will not make the state liable for damages to her.
In Berry on Automobiles, second edition, section 653, the rule is stated that one who keeps an automobile for the pleasure and convenience of himself and his family, is liable for injuries caused by the negligent operation of the machine while it is being used for the pleasure or convenience of a member of his family. Since it appears from the evidence that claimant Herman Smith permitted his wife to use his automobile on the day of the accident and that her negligence in driving the vehicle into the slip in the road was the direct and proximate cause of the accident that resulted in loss sustained by the destruction of said car, an award will not be made in his favor for such damage.
We are of opinion, from all the facts disclosed by the evidence and after personal inspection of the road at the scene of the accident by all of the members of this court, that neither claimant Marguerite M. Smith nor claimant Herman Smith is entitled to an award as claimed by them respectively.
The claims of both of said claimants are therefore denied.